IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SANDY RENE CALLEGARI,<br>Individually and as Surviving<br>Heir at Law, and Next of Kin,<br>of Mr. Sandy Leroy Booker, Jr.,<br>Deceased,<br><br>          Plaintiff,<br><br>v.<br><br>TOMMY THOMAS, in His Official<br>Capacity as Sheriff of<br>Harris County, Texas, and<br>HARRIS COUNTY, TEXAS,<br><br>          Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-06-2843 |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff, Sandy Rene Callegari, brings this action against Tommy Thomas in his official capacity as Sheriff of Harris County, Texas, and against Harris County, Texas, pursuant to 42 U.S.C. § 1983 for violation of rights guaranteed by the United States Constitution and for the wrongful death of her father, Sandy Leroy Booker, Jr., pursuant to the Texas Tort Claims Act, Texas Civil Practice & Remedies Code, § 101.001, <u>et seq.</u>  Pending before the court is Defendant Harris County, Texas' Original Answer, which includes a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket Entry No. 6).  For the reasons explained below, defendant's motion to dismiss will be granted as to

plaintiff's federal law claims and denied as to plaintiff's state law claims.

## I. <u>Factual and Legal Allegations</u>

The claims asserted in this action arise from the death of plaintiff's father, Sandy Leroy Booker, Jr., while in the custody of the Harris County Sheriff's Department.  Plaintiff alleges that Booker was arrested for a misdemeanor offense by the Houston Police Department, that at the time of his arrest Booker was carrying an inhaler prescribed to treat emphysema, that Booker's poor health condition was apparent upon sight, that while being held in the Harris County jail Booker's request for medical treatment for emphysema and other chronic conditions was denied, and that on September 5, 2004, Booker died as a result of the "defendant's reckless acts."[1]  Plaintiff alleges that "Harris County breached its duty to provide Mr. Booker with adequate supervision and reasonable medical treatment while in custody."[2]  Plaintiff alleges that "[t]he Harris County Sheriff's Office had policies and/or customs in place that enabled its agents and employees to act with deliberate indifference"[3] to Booker's constitutional rights, and that "Harris County manifested this indifference by tolerating

---

[1]Plaintiff's Original Complaint, Docket Entry No. 1, p. 3.

[2]<u>Id.</u> at p. 4.

[3]<u>Id.</u>

misconduct by its officers and by encouraging misconduct by failing to adequately supervise, discipline or train its deputies."[4]  Based on these factual allegations plaintiff asserts two claims for relief:  (1) a federal law claim for denial of medical treatment in violation of Booker's constitutional rights pursuant to 42 U.S.C. § 1983, and (2) a state law claim for wrongful death pursuant to the Texas Tort Claims Act, Texas Civil Practice & Remedies Code § 101.001, <u>et seq.</u>[5]  Citing Federal Rule of Civil Procedure 12(b)(6), Harris County moves to dismiss both claims for failure to state a claim for which relief may be granted.[6]  Plaintiff argues that her allegations are sufficient to state claims for which relief may be granted, but if not, plaintiff seeks leave to amend her complaint.[7]

## II.  <u>Standard of Review</u>

A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief may be granted tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim."

---

[4]<u>Id.</u>

[5]<u>Id.</u> at pp. 5-7.

[6]Defendant Harris County, Texas' Original Answer, Docket Entry No. 6, pp. 2-7.

[7]Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss for Failure to State a Claim, Docket Entry No. 8, pp. 6-7.

Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom Cloud v. United States, 122 S.Ct. 2665 (2002).  The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.  Id.

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

Swierkiewicz v. Sorema N.A., 122 S.Ct. 992, 997 (2002) (quoting Scheuer v. Rhodes, 94 S.Ct. 1683, 1686 (1974)).  "[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Id. at 998.  See also Conley v. Gibson, 78 S.Ct. 99, 102 (1957) ("[A] complaint should not be dismissed . . . unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").

### III.   Analysis

**A.   Federal Law Claim**

Harris County moves to dismiss plaintiff's § 1983 claim because "plaintiff has not pled a cause of action against Harris County, Texas."[8]  The court agrees.

_____

[8]Defendant Harris County, Texas' Original Answer, Docket Entry No. 6, p. 2.

-4-

1.  <u>Section 1983</u>

Section 1983 is not a source of substantive rights but is, instead, "a method for vindicating federal rights elsewhere conferred." <u>Graham v. O'Connor</u>, 109 S.Ct. 1865, 1870 (1989).  To state a claim under § 1983 the plaintiff must allege (1) the deprivation of a right secured by the United States Constitution and the laws of the United States and (2) that the deprivation was committed by a person acting under color of state law.  <u>See</u> <u>West v. Atkins</u>, 108 S.Ct. 2250, 2255 (1988).  <u>See also</u> <u>Cornish v. Correctional Services Corp.</u>, 402 F.3d 545, 549 (5th Cir. 2005). "'The first inquiry in any § 1983 suit' is 'to isolate the precise constitutional violation with which [the defendant] is charged.'" <u>Graham</u>, 109 S.Ct. at 1870 (quoting <u>Baker v. McCollan</u>, 99 S.Ct. 2689, 2692 (1979)).

In response to Harris County's motion to dismiss, plaintiff argues that

> [t]o state a claim for violation of § 1983 due to the denial of adequate medical care, Plaintiff must show a deprivation of rights secured by the constitution by a jail official acting under the color of state law where (1) the decedent "was exposed to a substantial risk of serious harm"; and (2) "jail officials acted or failed to act with deliberate indifference to that risk" by showing that the officials were "aware of the risk, yet consciously disregarded it". . . . In failure to train cases, such as this one, Plaintiff can show deliberate indifference alternatively by a showing that the actual "failure to train [in and of itself] reflects deliberate indifference to the constitutional rights" of detainees.[9]

---

[9]Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss for Failure to State a Claim, Docket Entry No. 8, pp. 2-3.

Citing <u>Rhyne v. Henderson County</u>, 973 F.2d 386 (5th Cir. 1992),
plaintiff argues that Booker's right to receive reasonable medical
treatment while in custody has been recognized by the Fifth Circuit
as a constitutionally protected right, and that her allegations
that unknown employees of Harris County Sheriff's Department acting
under color of state law caused Booker's death by denying his
requests for medical treatment are sufficient to state a claim for
which relief may be granted.[10]

In <u>Rhyne</u> the mother of a pretrial detainee who committed
suicide brought an action against the county under § 1983 and state
law. <u>Id.</u> Citing <u>Brazier v. Cherry</u>, 293 F.2d 401, 409 (5th Cir.),
<u>cert. denied</u>, 82 S.Ct. 243 (1961), and <u>Grandstaff v. City of
Borger, Texas</u>, 767 F.2d 161, 172 (5th Cir. 1985), <u>cert. denied</u>, 107
S.Ct. 1369 (1987), the Fifth Circuit concluded that the plaintiff
had standing to recover for her own injuries arising out of the
wrongful death of her son. <u>Id.</u> at 391. The Fifth Circuit also
recognized that the due process clause of the Fourteenth Amendment
required county jail inmates to receive "'reasonable medical care,
unless the failure to supply it is reasonably related to a
legitimate government objective.'" <u>Id.</u> (quoting <u>Cupit v. Jones</u>,
835 F.2d 82, 85 (5th Cir. 1987)). <u>See also</u> <u>Olabisiomotosho v. City
of Houston</u>, 185 F.3d 521, 525 (5th Cir. 1999) ("The constitutional
rights of a pretrial detainee flow from the procedural and

---

[10]<u>Id.</u> at p. 3.

substantive due process guarantees of the Fourteenth Amendment."). Nevertheless, the Fifth Circuit affirmed the district court's grant of a directed verdict in favor of the county upon concluding that the evidence was insufficient to create a jury question concerning whether Henderson County acted with deliberate indifference in adopting policies regarding medical care provided to inmates known to be suicidal.  Id. at 392-395.

Like the plaintiff in Rhyne, the plaintiff in this case has alleged that the county deprived an immediate family member of medical care guaranteed by the Constitution.  Although Rhyne involved a pretrial detainee, and plaintiff's allegations do not clearly identify Booker's status at the time of his death, the Fifth Circuit has since recognized that there is "no significant distinction between pretrial detainees and convicted inmates concerning basic human needs such as medical care." Gibbs v. Grimmette, 254 F.3d 545, 548 (5th Cir. 2001), cert. denied, 122 S.Ct. 1083 (2002) (citing Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir. 1996) (en banc)).  When the alleged unconstitutional conduct involves the denial of medical care, the question is whether the state official acted with deliberate indifference to the inmate's serious medical needs, regardless of whether the individual is a pretrial detainee or a [convicted] inmate.  See id. (citing Farmer v. Brennan, 114 S.Ct. 1970 (1994)).  See also Scott v. Moore, 114 F.3d 51, 53 (5th Cir. 1997) (en banc).

To prove deliberate indifference, a plaintiff must show that government officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (quoting Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001)).  A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required.  Id. at 345 n.12.

> It is the "obduracy and wantonness, not inadvertence or error in good faith, that characterize . . . [conduct that violates the Constitution], whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock."

Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998) (quoting Whitley v. Albers, 106 S.Ct. 1078, 1080 (1986)).  "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." Gobert, 463 F.3d at 346.  An official's personal liability for discrete acts or omissions are analyzed under a subjective deliberate indifference test, while "a municipality's liability for an alleged unconstitutional policy or custom . . . requires an objective analysis." Gibbs, 254 F.3d at 549 (citing Olabisiomotosho, 185 F.3d at 526).  Review of plaintiff's

-8-

allegations in this action shows that she fails to allege facts that if proven would establish the deliberate indifference of either of the defendants named in this action.

    2.   <u>Named Defendants</u>

        (a)  Tommy Thomas

Tommy Thomas, the individual defendant named in this action, is the sheriff of Harris County, i.e., a government official who may be sued in his official and/or his individual capacity. <u>Hafer v. Melo</u>, 112 S.Ct. 358 (1991); <u>Kentucky v. Graham</u>, 105 S.Ct. 3099 (1985). "Supervisory officials may be held liable under § 1983 only if (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." <u>Mouille v. City of Live Oak, Texas</u>, 977 F.2d 924, 929 (5th Cir. 1992), <u>cert. denied</u>, 113 S.Ct. 2443 (1993). "Supervisory officials cannot be held vicariously liable for their subordinates' actions." <u>Id.</u> (citing <u>Monell v. Department of Social Services of the City of New York</u>, 98 S.Ct. 2018, 2036–2037 (1978). "Personal involvement is an essential element of a civil rights cause of action." <u>Thompson v. Steele</u>, 709 F.2d 381, 382 (5th Cir.), <u>cert. denied</u>, 104 S.Ct. 248 (1983) (citing <u>Rizzo v. Goode</u>, 96 S.Ct. 598, 604–605 (1976)). To the extent that plaintiff seeks to hold Thomas liable for the denial of medical care to Booker, she must allege facts sufficient to demonstrate either Thomas's personal involvement in

-9-

the underlying constitutional violation or Thomas's implementation
of unconstitutional policies.

Plaintiff's complaint states that Thomas is sued "in his
official capacity as Sheriff of Harris County."[11]  Plaintiff's
complaint does not allege that Thomas was personally involved in
the alleged denial of Booker's request(s) for medical care, or that
Thomas implemented policies pursuant to which Booker's request(s)
for medical care were denied.  A suit against a government official
in his official capacity is the same as a suit against the entity
the official represents.  Graham, 105 S.Ct. at 3105.  The claim
that plaintiff has asserted against Thomas in his official capacity
is actually a claim against Harris County.  Since Harris County is
already named as a defendant, plaintiff's claim against Thomas in
his official capacity is subject to dismissal because Harris County
is the real party in interest.  See Bennett v. Pippin, 74 F.3d 578,
584 (5th Cir.), cert. denied, 117 S.Ct. 68 (1996) ("A suit against
the Sheriff in his official capacity is a suit against the
County.").

(b)  Harris County, Texas

Counties are not liable for the constitutional torts of their
employees unless the employees were acting pursuant to an official
policy.  Monell, 98 S.Ct. at 2037 & n.58 (1978) (local government
liability cannot be sustained under a theory of respondeat

_____

[11]Plaintiff's Original Complaint, Docket Entry No. 1, p. 2.

superior).  See also Board of County Commissioners of Bryan County,
Oklahoma v. Brown, 117 S.Ct. 1382, 1388 (1997) (same).

### (1) Denial of Medical Care

To state a § 1983 claim against Harris County for the denial
of medical care to Booker, plaintiff must allege facts capable of
showing the existence of (1) an official policy or custom (2) of
the county's policymaker (3) that caused (4) the deprivation of
Booker's constitutionally protected right to reasonable medical
care.  See Brown, 117 S.Ct. at 1388 (citing Monell, 98 S.Ct. at
2018).  See also Grandstaff, 767 F.2d at 169.

> An "official policy" is either a policy statement,
> ordinance, regulation, etc., that has been officially
> adopted by a policymaker, or a persistent, widespread
> practice of officials or employees, which although not
> authorized by officially adopted and promulgated policy,
> is so common and well settled as to constitute a custom
> that fairly represents the [county's] policy.

Cox v. City of Dallas, Texas, 430 F.3d 734, 748 (5th Cir. 2005),
cert. denied, 126 S.Ct. 2039 (2006).  The policymaker must have
either actual or constructive knowledge of the alleged policy.  Id.
at 749.  See also  Webster v. City of Houston, 735 F.2d 838, 841
(5th Cir. 1984) (en banc).

Plaintiff does not allege the existence of any official policy
or widespread pattern or practice amounting to official custom
attributable to Harris County that served as the moving force
behind -- or cause of -- Harris County's alleged denial of medical
care to Booker.  Instead, plaintiff alleges that Booker was
carrying an inhaler prescribed to treat emphysema when he was

-11-

arrested by the Houston Police Department, that the defendants denied Booker's request(s) for medical care, and that Booker was found dead on September 5, 2004. Although plaintiff also alleges that "Harris County breached its duty to provide Mr. Booker with adequate supervision and reasonable medical treatment while in custody,"[12] these allegations are only that Booker was denied medical care due to negligence; they are not allegations that a county official acted with deliberate indifference to a substantial risk of serious harm to Booker. Even if plaintiff's allegations could be liberally construed to allege that a custom of tolerating denials of medical treatment existed at the Harris County Sheriff's Department, plaintiff has failed to allege that Thomas or any other policymaker had actual or constructive knowledge that such a custom existed at the Harris County jail where Booker was being held, or that Thomas or any other county official condoned or failed to correct such a practice as a matter of deliberate indifference. Because plaintiff has failed to identify any county official who denied Booker medical care, has failed to allege facts capable of establishing that any county official wantonly disregarded a substantial risk of serious harm to Booker, and has failed to allege facts capable of establishing that an official custom or policy of Harris County was the moving force behind the alleged denial of reasonable medical care to Booker, the court concludes that the allegations in plaintiff's complaint are insufficient to

---

[12]<u>Id.</u> at p. 4.

-12-

state a § 1983 claim against Harris County for the denial of medical care to Booker.

### (2)  Failure to Train

In response to Harris County's motion to dismiss, plaintiff argues that the denial of medical care to Booker stemmed from a failure to train.  To state a failure to train claim against the county plaintiff must allege (1) inadequate training procedures; (2) inadequate training caused the constitutional violation at issue, in this case the denial of medical care to Booker; and (3) deliberate indifference of county policymakers. Pineda v. City of Houston, 291 F.3d 325, 331-332 (5th Cir. 2002), cert. denied, 123 S.Ct. 892 (2003) ("[T]he focus must be on [the] adequacy of the training program in relation to the tasks the particular [employees] must perform.  The inadequacy of the training must be closely related to the injury.").  Although a county's failure to train its employees can reflect a policy for purposes of liability under § 1983 when the failure to train represents a deliberate or conscious choice by a local government, see Collins v. City of Harker Heights, Texas, 112 S.Ct. 1061, 1067 (1992) (quoting City of Canton, Ohio v. Harris, 109 S.Ct. 1197, 1200 (1989)), the Fifth Circuit has stated in a failure-to-train case that

> "isolated violations are not the persistent, often repeated constant violations that constitute custom and policy." To demonstrate a municipal custom or policy under § 1983, a plaintiff must at least allege:  a pattern of similar incidents in which citizens were injured or endangered by intentional or negligent police misconduct and/or that serious incompetence or

misbehavior was general or widespread throughout the
police force.

Fraire v. City of Arlington, 957 F.2d 1268, 1278 (5th Cir.), cert.
denied, 113 S.Ct. 462 (1992) (quoting Bennett v. City of Slidell,
728 F.2d 762, 768 n.3 (5th Cir. 1984), cert. denied, 105 S.Ct. 3476
(1985)). Thus, the isolated incident of Booker's death alleged by
plaintiff is not by itself sufficient to demonstrate a requisite
policy or custom for purposes of imposing liability on Harris
County under 42 U.S.C. § 1983.

A limited exception for single-incident liability under 42
U.S.C. § 1983 exists "where the facts giving rise to the violation
are such that it should have been apparent to the policymaker that
a constitutional violation was the highly predictable consequence
of a particular policy or failure to train." Burge v. St. Tammany
Parish, 336 F.3d 363, 372 (5th Cir. 2003), cert. denied, 124 S.Ct.
1074 (2004). See also Pineda, 291 F.3d at 331 (quoting Brown v.
Bryan County, Oklahoma, 219 F.3d 450, 457 (5th Cir. 2000) (conclud-
ing that single decision constituted "deliberate indifference"
where there was "no training (and no supervision)" of the
subordinate)). Plaintiff's complaint does not contain any such
allegations. Instead, plaintiff's complaint alleges only that

the Harris County Sheriff's Office had policies and/or
customs in place that enabled its agents and employees to
act with deliberate indifference to the constitutional
rights of Mr. Sandy Booker and others. Defendant
Harris County manifested this indifference by tolerating
misconduct by its officers and by encouraging misconduct

-14-

by failing to adequately supervise, discipline, or train
its deputies.[13]

These conclusory allegations that Harris County tolerated the
misconduct of its officers by failing to supervise, discipline, or
train its deputies are insufficient to state a claim for which
relief may be granted in this case because they are not accompanied
by allegations that Booker was denied medical care by sheriff's
deputies, or that it should have been apparent to Thomas or any
other county policymaker that violation of Booker's constitu-
tionally protected right to medical care was the highly predictable
consequence of the county's alleged failure to train its deputies.
Because plaintiff fails to allege facts capable of establishing
that the county's failure to train its deputies constituted an
official custom or policy of Harris County that was the moving
force behind the alleged violation of Booker's constitutional right
to medical care, the court concludes that the allegations in
plaintiff's complaint are insufficient to state a § 1983 failure to
train claim against Harris County.

### B.   State Law Claims

Federal courts are courts of limited jurisdiction and
adjudicate claims arising from violations of federal law including
the United States Constitution, claims in which diversity of the
parties is present, and pendent state law claims over which the
court may exercise supplemental jurisdiction.  Plaintiff filed her

---

[13]<u>Id.</u>

complaint in this court pursuant to the statute governing federal question jurisdiction, 28 U.S.C. § 1331.[14]   Since the court has concluded that the plaintiff's only federal claims are subject to dismissal, no federal question remains before the court.   Although this fact alone does not divest the court of jurisdiction, in Carnegie-Mellon Univ. v. Cohill, 108 S.Ct. 614, 619 n.7 (1988), the Supreme Court stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims."   Moreover, the general rule in this circuit is to dismiss state law claims when the federal claims they supplement are dismissed.   Parker & Parsley Petroleum Co. v. Dresser Industries, 972 F.2d 580, 585 (5th Cir. 1992) (citing Wong v. Stripling, 881 F.2d 200, 204 (5th Cir. 1989)).   See United Mine Workers v. Gibbs, 86 S.Ct. 1130, 1139 (1966) (ordinarily, when the federal claims are dismissed before trial the pendent state claims should be dismissed as well).   The dismissal of the supplemental state law claims should expressly be without prejudice so that the plaintiff may refile her claims in the appropriate state court. Bass v. Parkwood Hosp., 180 F.3d 234, 246 (5th Cir. 1999).

Because the court has concluded that the federal claims asserted in this action are subject to dismissal and because this

---

[14]Id. at p. 1.

action is still at an early stage, the court declines to exercise supplemental jurisdiction over the plaintiff's remaining state law claims.    Accordingly, the court concludes that the plaintiff's state law claim for wrongful death is subject to dismissal without prejudice to refiling in a state court of appropriate jurisdiction.

### IV.  <u>Plaintiff's Request to Amend</u>

At the end of her response to Harris County's motion to dismiss plaintiff asserts

> [b]ecause plaintiff's factual allegations support claims upon which relief can be granted, the court should deny defendant's motion and retain the case on the court's docket.  In the alternative, if the court determines plaintiff has failed to state a claim, plaintiff asks the court to grant leave to amend the complaint.[15]

The Fifth Circuit recognizes that leave to amend shall be freely granted when justice so requires, <u>Goldstein v. MCI Worldcom</u>, 340 F.3d 238, 254 (5th Cir. 2003), and that Rule 15 evinces a bias in favor of granting leave to amend.    <u>Id.</u> (citing <u>Southern Constructors Group, Inc. v. Dynalectric Co.</u>, 2 F.3d 606, 611 (5th Cir. 1993)).  However, the Fifth Circuit has also stated that leave to amend under Rule 15 is by no means automatic.  <u>Southern Constructors</u>, 2 F.3d at 612.  The Supreme Court has sanctioned bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the

---

[15]Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss for Failure to State a Claim, Docket Entry No. 8, pp. 6-7.

amendment as plausible reasons for a district court to deny a party's request for leave to amend.  See Foman v. Davis, 83 S.Ct. 227 (1962).

The record before the court demonstrates that plaintiff filed her original complaint, Harris County answered her complaint with a motion to dismiss that sets forth the applicable law, and that in response, plaintiff has argued that her conclusory allegations state claims for which relief may be granted, and that almost as an afterthought, plaintiff has tacked a general curative amendment request to the end of the response in opposition that she has filed to Harris County's motion to dismiss.  Plaintiff is certainly aware of Harris County's objections to her complaint as written because they appear in Harris County's motion to dismiss.  Despite this awareness, plaintiff has not demonstrated how she would replead her claims if given the opportunity, has not proffered a proposed amended complaint, and has not suggested in her responsive pleading any additional facts not initially pleaded that could, if necessary, cure the pleading defects raised by Harris County.  See Goldstein, 340 F.3d at 254-255.  Under these circumstances the court is not persuaded that plaintiff should receive an opportunity to amend her complaint.  See McKinney v. Irving Independent School Dist., 309 F.3d 308, 315 (5th Cir. 2002), cert. denied, 123 S.Ct. 1332 (2003) (finding no abuse of discretion in the district court's denial of leave to amend where the plaintiffs failed to submit a

-18-

proposed amended complaint in a request for leave to amend and failed to alert the court to the substance of any proposed amendment). Accordingly, plaintiff's request for leave to amend will be denied.

## V.  Conclusions and Order

For the reasons explained above, the court concludes that the claims that plaintiff has asserted against Tommy Thomas in his official capacity are actually claims against Harris County, that plaintiff has failed to allege facts capable of establishing that an official custom or policy of Harris County was the moving force behind the alleged violation of Booker's constitutionally protected right to reasonable medical care, and that, consequently, the allegations in plaintiff's complaint are insufficient to state a claim against Harris County under 42 U.S.C. § 1983 for which relief may be granted. For the reasons explained above, the court declines to exercise supplemental jurisdiction over the plaintiff's state law claims. Accordingly, Defendant Harris County, Texas' Motion to Dismiss the federal law claims asserted in plaintiff's complaint included in its Original Answer (Docket Entry No. 6) is **GRANTED in Part and DENIED in Part**.

**SIGNED** at Houston, Texas, on this 28th day of November, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

-19-